This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41052**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**MANUEL MANQUERO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Mark A. Peralta-Silva, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** This matter was submitted to this Court on the brief in chief in the above-entitled cause pursuant to Joint Miscellaneous Order No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in the Administrative Order in *In re Pilot Project for Criminal Appeals*, No. 2022-002, we affirm for the following reasons.

**BACKGROUND**

**{2}** Defendant's conviction for driving while under the influence of alcohol (fifth offense) arises out of an incident on March 15, 2020, when his vehicle was stuck by oncoming traffic as he attempted to execute a left-hand turn. [BIC 2-3; RP 177] Deputy Hernandez responded to the scene of the accident. [BIC 2] He noticed that Defendant was stumbling and holding onto his vehicle. [BIC 2] In the course of the investigation Deputy Hernandez also observed that Defendant smelled of alcohol, he had bloodshot watery eyes, his speech was slurred, and there was a wet spot near his groin, which Deputy Hernandez associated with urine. [BIC 2-3] Defendant stated that he had consumed several beers prior to the accident, [BIC 3, 5] and also appears to have indicated that he had consumed an alcoholic beverage called "Twisted Tea." [BIC 2-3] Defendant subsequently refused to perform either standardized field sobriety tests or breath-alcohol testing. [BIC 3]

**{3}** At trial Defendant contended that the driver of the oncoming vehicle was at fault for the accident. [BIC 4-5] He admitted that he had consumed alcohol earlier that afternoon, and he acknowledged that he had told Deputy Hernandez that he had consumed beer. [BIC 4-5] However, he testified that in fact he had only consumed "Twisted Tea." [BIC 4-5] Although Defendant further acknowledged that he was impaired at the time of the DWI investigation, his head had struck the windshield, and he ascribed his condition to the accident rather than his consumption of alcohol. [BIC 4-5] He explained that he had refused to perform either field sobriety tests or breath-alcohol testing "because he did not want to testify against himself." [BIC 5]

**{4}** In addition to Defendant's testimony, the defense also presented the testimony of a pharmacologist, Dr. French. [BIC 5-8] Although the district court indicated that it would not qualify Dr. French as an expert with respect to the specific question of performing calculations relative to blood alcohol content (BAC), he was nevertheless permitted to render an opinion on Defendant's BAC and to testify that Defendant would not have been impaired if his alcohol consumption had been as limited as Defendant claimed at trial. [BIC 8]

**{5}** Ultimately, the jury returned a guilty verdict. [RP 182] The instant appeal followed.

**DISCUSSION**

**I.    Plain Error**

**{6}** Defendant contends that the admission of Deputy Hernandez's inaccurate testimony about the specific alcoholic content of "Twisted Tea" constituted plain error. [BIC 10-14]

**{7}** "Plain error is an exception to the general rule that parties must raise timely objection to improprieties at trial, and therefore it is to be used sparingly." *State v. Dylan*

*J.*, 2009-NMCA-027, ¶ 15, 145 N.M. 719, 204 P.3d 44 (internal quotation marks and citation omitted). "Under the plain error rule, there must be (1) error, that is (2) plain, and (3) that affects substantial rights." *State v. Hill*, 2008-NMCA-117, ¶ 21, 144 N.M. 775, 192 P.3d 770 (internal quotation marks and citation omitted). "We apply the rule only in evidentiary matters and only if we have grave doubts about the validity of the verdict, due to an error that infects the fairness or integrity of the judicial proceeding." *Dylan J.*, 2009-NMCA-027, ¶ 15 (internal quotation marks and citation omitted).

**{8}** Defendant's argument pertains to Deputy Hernandez's testimony that Defendant smelled of beer, together with his apparently inaccurate assertion that "Twisted Tea" contains vodka. To the extent that this testimony suggested that Defendant's consumption of alcohol had not been as limited as Defendant claimed, he contends that the admission of that testimony constituted plain error. We disagree, for several reasons.

**{9}** First, it is noteworthy that Deputy Hernandez was not the only witness to testify that "Twisted Tea" contains vodka. The defense expert, Dr. French, similarly stated that "Twisted Tea" contains vodka. [BIC 12] We question whether Defendant may advance any claim of error under the circumstances. *See generally State v. Campos*, 1996-NMSC-043, ¶ 47, 122 N.M. 148, 921 P.2d 1266 ("Acquiescence in the admission of evidence, . . . constitutes waiver of the issue on appeal."), *abrogated on other grounds as stated in State v. Groves*, 2021-NMSC-003, 478 P.3d 915; *State v. Jim*, 2014-NMCA-089, ¶ 22, 332 P.3d 870 ("It is well established that a party may not invite error and then proceed to complain about it on appeal.").

**{10}** Second, the record before us does not support Defendant's position relative to the significance of the claimed error. As the defense expert made clear in the course of his testimony, [BIC 12] the specific nature of the alcoholic content of "Twisted Tea" is not relevant in and of itself. And although the specific content of "Twisted Tea" could have been relevant if the odor were actually similar to the odor of beer, the record contains nothing to support that. *See generally State v. Hunter*, 2001-NMCA-078, ¶ 18, 131 N.M. 76, 33 P.3d 296 (stating that "[m]atters not of record present no issue for review"). To the contrary, the only evidence of record on this subject is Deputy Hernandez's testimony that "Twisted Tea" smells different than beer. [BIC 2] We will not presume otherwise.

**{11}** Third and finally, we note the compelling evidence of guilt that was presented in this case: Defendant's involvement in a traffic accident; his bloodshot, watery eyes, odor of alcohol, and slurred speech; Defendant's refusal to participate in field sobriety or BAC testing; and Defendant's admission to having consumed alcohol. In light of the strength of the evidence supporting the conviction, we conclude that the admission of the testimony at issue cannot be said to constitute plain error. *See generally State v. Muller*, 2022-NMCA-024, ¶ 43, 508 P.3d 960 (providing that "we apply the [plain error] rule sparingly and only when we have grave doubts about the validity of the verdict, due to an error that infects the fairness or integrity of the judicial proceeding" and that "[t]he burden is on the defendant asserting plain error to establish prejudice" (internal

quotation marks and citation omitted)); *cf. State v. Hernandez*, 2017-NMCA-020, ¶ 20, 388 P.3d 1016 (explaining that when nonconstitutional evidentiary error occurs, the harmless error standard of review mandates reversal only where there is a "reasonable probability" the inadmissible evidence contributed to the defendant's conviction).

## II. Expert Qualification

{12} Defendant contends that the district court erred in declining to qualify Dr. French as an expert witness. [BIC 14-18]

{13} "Whether a witness possesses the necessary expertise or a sufficient foundation has been established to permit a witness to testify as an expert witness is a matter entrusted to the sound discretion of the trial court." *Smith v. Smith*, 1992-NMCA-080, ¶ 19, 114 N.M. 276, 837 P.2d 869.

{14} At trial defense counsel appears to have demonstrated Dr. French's expertise in pharmacology, the metabolism of alcohol, and its effects on the human body; and, the district court appears to have qualified him as an expert in those areas. [BIC 5-7] However, on the narrow subject of calculating BAC, Dr. French explained that he does not perform calculations or engage in independent analysis; he simply relies on a standardized formula, and utilizes tables and charts that are commonly accepted and readily available. [BIC 6, 8] In view of Dr. French's reliance upon those materials, the district court appears to have concluded that he did not demonstrate sufficient expertise relative to BAC calculations to qualify as an expert in that narrow field. [BIC 8] Nevertheless, Dr. French was permitted to offer "lay opinion" testimony about Defendant's BAC, assuming Defendant's consumption of alcohol had been as limited as Defendant claimed. [BIC 8] Dr. French was also permitted to testify that Defendant would not have been impaired, in the sense that he would not have felt the effects of alcohol, have had altered sensory perceptions, or have experienced diminished motor coordination or physical abilities, under such circumstances. [BIC 8]

{15} In this context we review for abuse of discretion only. *See State v. Castaneda*, 2001-NMCA-052, ¶ 28, 130 N.M. 679, 30 P.3d 368. Although Dr. French's reliance upon charts and tables to estimate BAC does not necessarily reflect lack of expertise in that specific area, the district court recognized Dr. French's more general expertise relative to the metabolism of alcohol and its effects upon the human body. And ultimately, in view of the scope of the testimony that was admitted, Dr. French appears to have been effectively treated as a qualified expert in all of the relevant fields. *See generally* Rule 11-701(A), (C) NMRA (providing that lay testimony must be rationally based on the witness's perception, and cannot be based on scientific, technical, or other specialized knowledge). We therefore perceive neither abuse of discretion, nor prejudicial error. *See, e.g.*, *State v. Wildgrube*, 2003-NMCA-108, ¶ 11, 134 N.M. 262, 75 P.3d 862 (holding that the exclusion of expert testimony concerning BAC was neither an abuse of discretion nor prejudicial to the defense, where the court's ruling did not prevent the defense from presenting evidence or arguing to the jury about the individual's intoxication); *Castaneda*, 2001-NMCA-052, ¶¶ 28-31 (holding that the

district court acted within its discretion in declining to qualify a witness as an expert for the narrow purpose of rendering an opinion about the defendant's level of intoxication, where the witness was nevertheless allowed to testify about how the body metabolizes alcohol as well as the defendant's possible BAC at the relevant time). *See generally State v. Astorga*, 2015-NMSC-007, ¶ 43, 343 P.3d 1245 (noting that the "[d]efendant bears the initial burden of demonstrating that he was prejudiced by [asserted] evidentiary error").

### III.    Ineffective Assistance of Counsel

**{16}**    Finally, Defendant contends that he received ineffective assistance of counsel. [BIC 18-27]

**{17}**    "The standard for effective assistance of counsel is whether defense counsel exercised the skill, judgment, and diligence of a reasonably competent defense attorney." *State v. Herrera*, 2001-NMCA-073, ¶ 36, 131 N.M. 22, 33 P.3d 22 (internal quotation marks and citation omitted). A defendant must show that their attorney erred, and that the error prejudiced the defendant in order to prevail on a claim of ineffective assistance of counsel. *See State v. Arrendondo*, 2012-NMSC-013, ¶ 38, 278 P.3d 517.

**{18}**    Defendant's claim is premised on the assertions of error addressed in the preceding subsections of this opinion. For the reasons stated, we have rejected both claims of error. In view of our assessment of those matters, particularly the apparent lack of prejudice, we conclude that Defendant has failed to make a prima facie showing of ineffective assistance of counsel. *See generally State v. Martinez*, 2007-NMCA-160, ¶ 24, 143 N.M. 96, 173 P.3d 18 ("When there is no showing of prejudice, [a] claim of ineffective assistance of counsel must fail."). We therefore decline to remand to the district court. *See State v. Swavola*, 1992-NMCA-089, ¶ 3, 114 N.M. 472, 840 P.2d 1238 (restricting remand "to those cases in which the record on appeal establishes a prima facie case of ineffective assistance"). *See generally State v. Cordova*, 2014-NMCA-081, ¶ 7, 331 P.3d 980 ("Our Supreme Court has expressed a preference that ineffective assistance of counsel claims be adjudicated in habeas corpus proceedings, rather than on direct appeal.").

### CONCLUSION

**{19}**    In light of the foregoing, we affirm.

**{20}    IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**J. MILES HANISEE, Judge**